**HARTFORD LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Kathryn EINHORN, as Executrix of the Estate of Claire A. Mehring, deceased, Kathryn Einhorn, individually, Christopher Mehring, Edmond Mehring, and Maureen Curran, Defendants.**

No. 04 CV 2738(ADS)(WDW).

United States District Court, E.D. New York.

June 29, 2007.

Sedgwick, Detert, Moran & Arnold LLP, by Michael H. Bernstein, Esq., Colleen Anne DeNoto, Esq., of Counsel, New York, NY, for Hartford Life Insurance Company.

Randy M. Stein, Mineola, NY, for Kathryn Einhorn, Individually, and Co–Counsel for Kathryn Einhorn, as Executrix of the Estate of Claire A. Mehring.

Carlucci & Legum, LLP, by Steven G. Legum, Esq., of Counsel, Mineola, NY, Co–Counsel for Kathryn Einhorn, as Executrix of the Estate of Claire A. Mehring.

Christopher Mehring, Huntington, NY, for Defendant Pro Se.

Edmond Mehring, Greenwich, CT, for Defendant Pro Se.

Maureen Curran, Smithtown, NY, for Defendant Pro Se.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case began as a federal interpleader action, filed pursuant to 28 U.S.C. § 1335, in which the Hartford Life Insurance Company sought to deposit the proceeds of life insurance policy with the Court when it became apparent that those funds were subject to the competing claims of the various defendants in this case. On September 19, 2006, the Court granted Hartford's motion for summary judgment on its interpleader cause of action, and directed it deposit the sum of $50,000 with the Court registry in an interest bearing account within twenty days of the date of that Order.

On October 3, 2006, the Court received a letter from Hartford indicating that it complied with the Court's order and deposited the disputed funds with the Court. At that time, Hartford was released from any further liability to any party in this action arising out of the subject life insurance policy. Presently before the Court is a motion by the defendant Kathryn Einhorn, as Executrix of the Estate of Claire A. Mehring ("the Estate"), for summary judgment pursuant to Fed.R.Civ.P. 56.

## I. BACKGROUND

Unless otherwise noted, the following facts are not in dispute. The plaintiff Hartford had in force a group life insurance policy issued to Swiss Re American Holding Corporation ("Swiss Re") as a policy holder (the "Policy"). The Policy afforded life insurance coverage to eligible employees of Swiss Re. The decedent, Claire A. Mehring, was employed by Swiss Re from an unspecified date until the time of her retirement on June 30, 1995.

Before the decedent retired on June 30, 1995, she was covered under the Policy as an "employee" of Swiss Re. After her retirement in 1995, the decedent became covered under the Policy as a "retired employee." As a retired employee, the decedent retained life insurance benefits under the Policy. However, the decedent's benefits were less than her benefits before she retired, and were subject to certain yearly reductions. As of July 1, 1999, the decedent's retirement benefits entitled her to twenty-five percent of her benefits at the time of her retirement. When she retired, the decedent's benefits equaled $200,000. Thus, on July 1, 1999, the decedent's benefit was $50,000. Under the terms of the Policy, this $50,000 represented the minimum amount or reduction of the decedents insurance benefits.

On June 25, 2003, Claire A. Mehring died. In the probate proceeding in the Surrogate's Court of Suffolk County, a dispute arose between the Estate and the *pro se* defendants regarding the proper distribution of the life insurance funds from Hartford. The *pro se* defendants are relatives of Claire A. Mehring, and claim to be entitled to the insurance proceeds under the decedent's initially executed beneficiary designation form signed by the decedent and dated December 12, 1991 (the "Original Designation"). The Original Designation indicates that Kathryn Mehr-

ing Einhorn, Edmund P. Mehring, Christopher T. Mehring, and Maureen Mehring Curran are each twenty-five percent beneficiaries of the Policy. Thus, under the Original Designation, the *pro se* defendants would each be entitled to $12,500.

The Estate contends that it is entitled to one-hundred percent of the proceeds of the Policy pursuant to a subsequently executed, although undated, change of beneficiary form (the "Beneficiary Change"). Apparently, if the proceeds of the Policy are paid to the Estate, the decedent's will would dictate that these monies pass to the *pro se* defendants in percentages different from those delineated by the Original Designation. Under the Beneficiary Change and the decedent's will, Kathryn Einhorn is entitled to fifty percent of the sum, and the three remaining beneficiaries would divide the remaining fifty percent. This would distribute approximately $8,300 of the proceeds of the Policy to each of the *pro se* defendants, which is less than the twenty-five percent each that they would be entitled to under the Original Designation.

On June 30, 2004, Hartford commenced this action, seeking to deposit the proceeds of the Policy with the Court and to be excused from further involvement in the defendants' resolution of their competing claims. As noted above, the Court permitted the plaintiff to deposit these funds with the Court.

Having determined that Hartford was entitled to deposit the proceeds of the Policy with the Court and be excused from further participation in this action, the Court retained jurisdiction under the interpleader statute to determine the party or parties to whom the insurance funds should be distributed. *See N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir.1983); *Aon Corp. v. Hohlweck*, 223 F.Supp.2d 510, 513–14 (S.D.N.Y.2002). On October 26, 2006, Kathryn Einhorn, as executrix of the Estate of Claire A. Mehring, made a motion for an order granting summary judgment in her favor and directing the payment to her of the funds being held by the Court.

The dispute here is based upon the validity of the Beneficiary Change purportedly executed by the decedent, which directs the entire proceeds of her life insurance policy to be paid to her estate. In support of her motion for summary judgment, Executrix Einhorn submitted a copy of the Beneficiary Change, with the designation "EMP # 48226" on the top. The Beneficiary Change, which is undated, also states that the beneficiary is "My Estate"; that the percent of the proceeds to be paid to the estate is "100%." The Court previously found that the signature on the Beneficiary Change was that of Claire A. Mehring, as determined by an independent handwriting analysis. *Hartford Life Ins. Co. v. Einhorn ex rel. Estate of Mehring*, 452 F.Supp.2d 126, 131–32 (E.D.N.Y. 2006).

Although the Policy was not annexed to this motion for summary judgment, it was previously provided to the Court. *See* Affidavit of Natalie Green, sworn to on April 11, 2006 (Docket Entry 36) ("Green Aff."), Ex. A. Regarding a change of beneficiary, the Policy provides:

**How do You designate or change Your beneficiary?**

You may designate or change a beneficiary by doing so in writing on a form satisfactory to Us and filing the form with the Employer. Only satisfactory forms sent to the Employer prior to Your death will be accepted.

Designations will become effective as of the date You signed and dated the form, even if You have since died. We will not be liable for any amounts paid before

receiving notice of a beneficiary change from the Employer.

Green Aff., Ex. A at 16. The question to be determined on this motion is whether there exists any issue of fact regarding the effectiveness of the Beneficiary Change under the terms of the Policy and the relevant law.

## II. DISCUSSION

### A. Summary Judgment Standard

A motion for summary judgment should be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2550, 91 L.Ed.2d 265 (1986). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Once the moving party demonstrates that no material facts are genuinely in dispute and that it is entitled to judgment as a matter of law, "the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" *Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d Cir.2000) (citing *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505, 91 L.Ed.2d 202); *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990) (quoting Fed.R.Civ.P. 56(e)).

The Court is mindful that the individual defendants are proceeding *pro se* and that their submissions should be read liberally and held "'to less stringent standards than formal pleadings drafted by lawyers.'" *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). The Court should interpret the individual defendants' papers "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (internal quotations and citation omitted).

### B. As to the Estate's Motion for Summary Judgment

Although the issue was not raised by any of the parties, this dispute is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. ERISA is a comprehensive statute governing pension and welfare plans for the nation's work force. The statute is designed to ensure the proper administration of pension and welfare plans, both during the years of the employee's active service and in his or her retirement years. *See Boggs v. Boggs*, 520 U.S. 833, 839, 117 S.Ct. 1754, 1760, 138 L.Ed.2d 45 (1997). ERISA regulates, among other things, employee benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death. 29 U.S.C. § 1002(1)(A). Although there is an exception excluding certain plans from ERISA coverage, *see* 29 C.F.R. § 2510.3–1(j); *Conn. Gen. Life Ins. Co. v. Mitchell*, No. 94 Civ. 4648, 1995 WL 469714, at *2–5 (S.D.N.Y. Aug.8, 1995), there is no evidence that this exception applies, and the Policy itself states that it is an employee welfare benefit plan subject to ERISA. Green Aff., Ex. A at 19. Thus, in determining which defendant or defendants in this interpleader action is or are entitled to the proceeds of the Policy, ERISA rather than New York State law governs.

*O'Shea v. First Manhattan Co. Thrift Plan & Trust,* 55 F.3d 109, 113–14 (2d Cir.1995); *Krishna v. Colgate Palmolive Co.,* 7 F.3d 11, 13–16 (2d Cir.1993); *Conn. Gen. Life Ins. Co.,* 1995 WL 469714, at **2–7.

Under Federal common law regarding ERISA, a plan participant need not strictly adhere to the terms of the plan in order to effectuate a change of a beneficiary. A change of beneficiary will be effective if it "substantially complies" with the requirements of the plan for making the change. *See Am. Intern. Life Assur. Co. of N.Y. v. Vazquez,* No. 02 Civ. 141, 2003 WL 548738, at *5 (S.D.N.Y. Feb. 25, 2003); *Conn. Gen. Life Ins. Co.,* 1995 WL 469714, at **2–5; *see also Davis v. Combes,* 294 F.3d 931, 940–42 (7th Cir.2002); *Phoenix Mutual Life Ins. Co. v. Adams,* 30 F.3d 554, 564 (4th Cir.1994); *Randles v. Metropolitan Life Ins.,* No. C0499LRR, 2005 WL 1277775, at **6–7 (N.D.Iowa May 25, 2005). What does "substantial compliance" require?

> [P]ursuant to federal common law, an insured substantially complies with the change of beneficiary provisions of an ERISA life insurance policy when the insured: (1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy.

*Conn. Gen. Life Ins. Co.,* 1995 WL 469714, at *8 (quoting *Phoenix,* 30 F.3d at 564).

In the present matter, the Policy provides that "Designations will become effective as of the date You signed and dated the form." By its express terms, the Policy requires that a Beneficiary Change be dated to become effective. The decedent did not strictly comply with this requirement. However, under the doctrine of substantial compliance, this failure is not necessarily fatal to the Estate's claim. *See Davis,* 294 F.3d at 940–42 (finding that an unsigned and undated change of beneficiary substantially complied with the plan requirements).

The evidence submitted by the Estate establishes that prior to her death, the decedent consulted with Jean A. Hegler, Esq., of the law firm of Brosnan & Hegler, LLP, relative to estate planning. Hegler states in an affidavit that after consulting with the decedent, and at the direction of the decedent, she forwarded the Beneficiary Change to Swiss Re. As an exhibit to the Hegler Affidavit is a copy of a letter, dated January 10, 2003, from Joseph S. Vona of the firm of Brosnan & Hegler, to Swiss Re annexing the Beneficiary Change form. As indicated above, the Court previously found that the signature on the Beneficiary Change form is the signature of the decedent Claire Mehring.

The Court is not willing to hold, as a matter of law, that this evidence sufficiently establishes the decedent's intent to make the beneficiary change. As an initial matter, the Second Circuit has stated that "[s]ummary judgment is notoriously inappropriate for determination of claims in which intent, good faith and other subjective feelings play dominant roles." *Krishna,* 7 F.3d at 16; *Conn. Gen. Life Ins. Co.,* 1995 WL 469714, at *8. Also, although the *pro se* defendants' papers consist largely of statements of unsupported speculation, they have presented evidence that could be interpreted as casting doubt on the decedent's intent to change her beneficiary to the Estate.

Jean Hegler is the attorney who states in an affidavit that her firm represented the decedent at the time she changed her beneficiary to her estate. The Beneficiary Change is not dated, but the Estate pre-

sented evidence that it was mailed to Swiss Re from Hegler's law firm on January 10, 2003. However, the individual defendants presented a letter, dated September 16, 2002, from Hegler to Howard Einhorn, who is the husband of Kathryn Einhorn, the executor of the Estate. Affidavit of Maureen Curran, sworn to on December 15, 2006 ("Curran Aff."), Ex. D. In the letter, Hegler indicates that Howard Einhorn had access to certain of the decedent's accounts, and used that access to inappropriately transfer approximately $400,000 in stocks and bonds to his wife Kathryn Einhorn without the decedent's knowledge. These monies were returned to the decedent's account after approximately three months of requests and demands from the decedent's counsel.

Hegler also states in the letter that her firm no longer represents the decedent in connection with her estate and elder law planning, and that she advised the decedent to obtain new counsel. Considering the individual defendants' *pro se* status, and granting them every favorable inference as the non-moving party, the Court finds that this evidence is sufficient to establish a genuine issue of material fact for trial regarding the decedent's intent to change her beneficiary and also as to the date of the change of beneficiary. A reasonable juror could conclude that the decedent would not have intended to change her beneficiary in a manner that would benefit an individual whose husband was thought to have recently attempted to misappropriate a substantial sum of money from her. In addition, the issue of the undated change of beneficiary requires an evidentiary hearing.

The questions regarding the allegedly inappropriate asset transfers are exacerbated by the fact that Hegler's law firm mailed the Beneficiary Change form to Swiss Re at a time when, according to Hegler's own letter, the firm no longer represented the decedent. Accordingly, the Estate's motion for summary judgment is denied.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Estate's motion for summary judgment is denied; and it is further

**ORDERED,** that the parties are directed to appear at an in Court conference on July 31, 2007 at 9:00 a.m.; and it is further

**ORDERED,** that the Clerk of the Court is directed to send an additional copy of this Memorandum of Decision and Order to the *pro se* defendants by certified mail, return receipt requested.

**SO ORDERED.**